**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony JORDAN, Defendant-
Appellant.**

**No. 15-10156**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted February 16,
2017 San Francisco, California

Filed March 14, 2017

John P. Taddei, Esquire, Trial Attorney,
DOJ—U.S. Department of Justice, Wash-
ington, DC, Elizabeth Olson White, Es-
quire, Assistant U.S. Attorney, USRE—
Office of the US Attorney-Reno, Reno,
NV, for Plaintiff-Appellee

Kathleen Bliss, Cheryl Grames, Attor-
ney, Kathleen Bliss Law, Las Vegas, NV,
for Defendant-Appellant

Mia Crager, Assistant Federal Public
Defender, FPDCA—Federal Public De-
fender's Office (Sacramento), Sacramento,
CA, for Amicus Curiae Ninth Circuit Fed-
eral Public and Community Defenders

Before: W. FLETCHER, FUENTES,*
and RAWLINSON, Circuit Judges.

MEMORANDUM **

Defendant Anthony Jordan appeals his
convictions for aiding and abetting the use,

carry, or brandishing of a firearm during
and in relation to three bank robberies, in
violation of 18 U.S.C. § 924(c)(1)(A) and 18
U.S.C. § 2. We have jurisdiction under 28
U.S.C. § 1291, and we affirm.

First, Jordan challenges the sufficiency
of the evidence supporting his firearm con-
victions under § 924(c). We review *de novo*
challenges to the sufficiency of the evi-
dence supporting a conviction. *United
States v. Bennett*, 621 F.3d 1131, 1135 (9th
Cir. 2010). We "view[ ] the evidence pro-
duced at trial in the light most favorable to
the prosecution" and consider whether the
evidence "is sufficient to allow any rational
juror to conclude that the government has
carried its burden of proof." *United States
v. Nevils*, 598 F.3d 1158, 1169 (9th Cir.
2010) (en banc).

Jordan argues that the government
failed to prove that he had foreknowledge
that his co-robber would use, carry, or
brandish a firearm during the course of
the robberies. Viewing the evidence in the
light most favorable to the government, a
rational juror could find beyond a reason-
able doubt that Jordan had the requisite
knowledge. Jordan's partner in the robber-
ies, Marquee Munerlyn, testified that Jor-
dan knew Munerlyn would carry, and pos-
sibly brandish, a firearm. In addition, the
jury heard evidence that Jordan had par-
ticipated in six earlier robberies with Mun-
erlyn and that Munerlyn had carried a gun
during all of the robberies and brandished
a gun during some of them. This evidence
was sufficient to sustain Jordan's convic-
tions under § 924(c).

Second, Jordan argues that bank rob-
bery under 18 U.S.C. § 2113(a) is not cate-
gorically a crime of violence within the
meaning of § 924(c)(3)(A) and that his

---

* The Honorable Julio M. Fuentes, United States
Circuit Judge for the U.S. Court of Appeals
for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

§ 924(c) convictions must therefore be set aside.[1] Because Jordan failed to object before the district court to the use of his bank robbery convictions as predicate crimes for the § 924(c) charges, we review for plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011) (applying the plain error standard where the defendant failed to object to the characterization of his prior conviction as a "crime of violence"). Under the plain error standard, "the appellant must show that: (1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 428. In order for an error to be plain, it must at least be "clear under current law." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Under our current case law, § 2113(a) bank robbery categorically qualifies as a "crime of violence" under § 924(c)(3)(A). *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), have not so clearly displaced our earlier precedents as to warrant plain error reversal.

Finally, Jordan argues that his 730-month sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. We review *de novo* the constitutionality of a sentence under the Eighth Amendment. *United States v. Hungerford*, 465 F.3d 1113, 1116 (9th Cir. 2006). Jordan's argument is foreclosed by circuit precedent. *Id.* at 1118.

**AFFIRMED.**

---

1. Because we conclude that Jordan's bank robbery convictions qualify as crimes of violence under the "elements clause" of § 924(c)(3), we need not reach his argument that the "residual clause," § 924(c)(3)(B), is unconstitutionally vague.